PORFIRIO PAGÁN, Plaintiff and Appellant, v. MANUEL FERNANDO, MARÍA PETRA, JULIO CÉSAR and JULIA JOSEFA QUIÑONES and MARCIAL, Defendants and Appellees.

No. 8083. Argued January 15, 1940.—Decided January 25, 1940.

918

*Pedro Santana, Jr.,* (Attorney of the Department of Labor), for appellant. *Jorge Díaz Cruz,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant filed this suit in the District Court of Ponce claiming an alleged homestead right. The defendants demurred to the complaint for insufficiency of facts and at the same time answered denying the essential allegations. When the case was called for trial the parties stipulated with the approval of the court to submit the question of lack of jurisdiction because the plaintiff had not cancelled the corresponding Internal Revenue stamps, and they also stipulated to submit the demurrer for lack of cause of action. The parties were heard on briefs which they filed and on last September 6th the lower court rendered judgment dismissing the complaint for lack of jurisdiction over the subject-matter.

The plaintiff appealed and the defendants now request the dismissal of the appeal as frivolous.

The complaint alleges that the complainant is of legal age, the head of a family and a resident of Yauco; that the defendants are the owners in common of a rural property which is described, that the property is situated in the Municipality of Guánica; that of said property the defendants rented to the plaintiff a lot, 250 sq. ft. for a monthly rental of $1.50 for the plaintiff to build his home on the same; that he built his house and has occupied it with his family

since April, 1938; that in the month of February, 1939, the herein defendants filed suit against the now plaintiff in unlawful detainer for lack of payment, and judgment on the complaint was rendered which is now final; that the house in question constitutes his homestead and that the defendants have threatened that they will obtain and execute an order of ejectment against him without first paying him the $500.00 of his homestead. The complaint ends with a prayer that in the judgment the defendants be ordered to acknowledge a right of homestead in favor of the plaintiff on the house in question or that he be paid the amount of $500 and any other remedy at law and that meanwhile he be allowed to stay on the farm by virtue of his homestead right.

The plaintiff-appellant bases his contention on the fact that a "provided that" was omitted from Sec. 1 of the Homestead Act of 1936 (No. 87 p. 460) which appeared in the first Sec. of Homestead Act of 1903 (Rev. Stats. 1911 Sect. 1000) which copied literally reads as follows:

"Section 1.—That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars, in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed; *Provided*, That in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

As the copied Section permitted the constitution of a homestead on "an estate of homestead to the extent and value of five hundred dollars, in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, *by lease* or otherwise," the providing clause in question was

for the purpose of explaining that against the lessor or owner of the property, farm, etc., the lessee could not allege a homestead right and that the lessor could reenter "the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof". In this manner the legislator harmonized the Homestead Act of 1903 with Section 1451 of the Civil Code (1930 ed.) which establishes as one of the duties of the lessee, the return of the property at the end of the lease in the same condition he received it, except what may have been used or may have been lost by the passage of time or for some inevitable cause.

Section 1 of Act No. 86 of 1936 (page 460) which was in force when the contract of lease was entered into and also on the date when the appellant alleges he formed his homestead states as follows:

"Every person who is the head of a family shall be entitled to possess and enjoy as a homestead a property of not over five hundred (500) dollars in value, consisting of a parcel of land and the buildings thereon, in any farm, plantation or parcel of land owned, or lawfully possessed, and occupied by him or by his family as a residence. This right of homestead is unwaivable and any pact to the contrary is declared null."

The legal principle last copied makes no reference to the possibility of establishing a homestead right on a property possessed by virtue of a contract of lease. Therefore, the providing clause of the previous law is superfluous and useless in the present law and its omission by the legislator can in no way affect the meaning and effect of the present law. The legal relations between the plaintiff and the defendants are regulated by the terms of the contract which has the force of law as between the parties, and insofar as no covenants are made, by the provisions of the Civil Code which regulate lease contracts. As the contract was terminated by virtue of a final judgment in unlawful detainer, Section 1451 of the Civil Code, *supra,* binds the lessee to

return the lot leased to the lessors in the same condition as he received it.

The lack of jurisdiction of the lower court to hear the case is just as manifest. As the law gives the homestead right a value of $500 the jurisdiction over a suit to claim the right, belongs to the municipal courts. Among others see the cases of *Arroyo* v. *District Court,* 38 P.R.R. 9; *Ducheny* v. *District Court,* 38 P.R.R. 12; *Petterson* v. *Contreras,* 42 P.R.R. 474, and *González* v. *Municipal Court,* 54 P.R.R. 17, 892, cited in the brief for the appellees. It is an exception and as an incident to another suit that district courts have jurisdiction to hear homestead claims and also in those cases specifically enumerated by the law, to wit: when the claim is made in the manner provided by Section 5 of the present Homestead Act in regard to a sale by virtue of a judgment or sale of a rural or urban property decreed by a district court and in cases of divorce where there may exist a homestead right. Section 3 of the Homestead Act of 1936.

For the foregoing reasons the appeal should be dismissed as frivolous.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison agree with the result.